■ Patricia Kenny, Plaintiff, v Turner Construction Company et al., Defendants. (And Other Actions.) The Corporate Source, Inc., Fourth Third-Party Plaintiff-Respondent, v Mueser Rutledge Consulting Engineers, Fourth Third-Party Defendant-Appellant. [966 NYS2d 418]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 20, 2012, which denied Mueser Rutledge Consulting Engineers's motion to dismiss the fourth third-party complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the fourth third-party complaint.

Plaintiff Patricia Kenny seeks damages for injuries sustained on January 19, 2005, when she slipped on black ice in the parking garage of the United States District Court, Eastern District Courthouse, in Central Islip, New York. The garage and courthouse were constructed in the 1990s and plaintiff alleges that a design defect caused or allowed water to drip, which water froze, causing the ice condition on which she slipped and fell. Third-party defendant The Corporate Source commenced a fourth third-party action seeking contribution from Mueser Rutledge Consulting Engineers (MRCE), a firm retained by another party to provide geotechnical engineering services in connection with the design and construction of the courthouse and garage. MRCE's work on the project was completed by September 1997.

The Corporate Source's claim against MRCE arises under CPLR 214-d and is subject to heightened scrutiny on a motion to dismiss, requiring a demonstration "that a substantial basis in law exists to believe that the performance, conduct or omission complained of such . . . engineer . . . was negligent and . . . a proximate cause of personal injury . . . complained of by the claimant" (CPLR 3211 [h]). As we held in *Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co.* (58 AD3d 178, 183 [1st Dept 2008]), "a court reviewing the sufficiency of a complaint under CPLR 3211 (h) must . . . determine whether the claim alleged is supported by 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (citing Senate Mem in Support of L 1996, ch 682, 1996 McKinney's Session Laws of NY at 2614).

In opposition to the motion to dismiss, The Corporate Source did not meet the heightened standard imposed by CPLR 3211 (h) and failed to establish, via relevant proof, that a substantial basis for its claim against MRCE exists. The Corporate Source's claim that MRCE's contribution to the design of the foundation of the subject garage proximately caused plaintiff's injuries is speculative and conclusory. The Corporate Source did not identify the manner in which MRCE was alleged to have been negligent and proximately relate such negligence to the dam-

ages claimed (*cf. Castle Village Owners Corp.*, 58 AD3d 178). Concur—Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.